ROSE FERRARO and ANGELINA RENNA, as Administratrices, etc., of JAMES FERRARO, Deceased, Respondents, v. CHRISTIAN F. TERRENCE and JOHN P. TERRENCE, Copartners, etc., Appellants.— The contracting steve-dores against whom is this judgment were taking cargo into the lower hold without having fully opened the between-deck hatch. Because the size of the suspended loads was comparatively small, a fore-and-aft hatchbeam, on each side of this opening, had been left in. The beam ends lay in sockets or slots without being made fast. A hook from an empty sling coming up, dislodged one of these beams, which fell upon plaintiff's intestate, a long-shoreman working in the hold, under this hatch. The questions of defend-ants' duty as to such beams were properly left to the jury. (*Duggan* v. *Phelps*, 82 App. Div. 509.) Although the intestate had himself that morning helped lift out the wooden hatch sections and may have been a co-servant with the riggers and winchmen who had hoisted out the iron hatchbeams, it was a non-delegable duty of defendants as employers to have this hatch reasonably safe for the men to work beneath. (*Hatton* v. *Hilton Bridge Construction Co.*, 42 App. Div. 398; affd., 167 N. Y. 590.) The court's refusals to charge as requested by defendants present no error. The judgment and order are, therefore, unanimously affirmed, with costs. Pres-ent — Jenks, P. J., Putnam, Blackmar, Kelly and Jaycox, JJ.

In the Matter of the Application for Letters of Administration upon the Goods, Chattels and Credits of EVELYN ESTELLE HALL, Deceased. EVELYN L. MCMANUS, Appellant; QUEENIE B. MCNEILL, Respondent. — Decree of the Surrogate's Court of Westchester county affirmed, with costs. No opinion. Jenks, P. J., Putnam, Blackmar, Kelly and Jaycox, JJ., concurred.